Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00013-CV

Sondra **GROHMAN** f/k/a Sondra Grohman-Kahlig,
Appellant

v.

Clarence J. **KAHLIG**, II,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-04445
Honorable Michael Peden, Judge Presiding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  October 20, 2010

AFFIRMED

Sondra Grohman appeals the summary judgment in favor of Clarence Kahlig in Kahlig's

suit for declaratory relief. We affirm the trial court's judgment.

As part of a marital property settlement incident to divorce, Kahlig signed a $9.5 million

promissory note payable to Grohman. The note was secured by stock in two corporations. The

---

[1] The motion for summary judgment was heard and decided by the Honorable Janet P. Littlejohn; however, the final judgment was signed by the Honorable Michael Peden.

security agreement required Grohman to release her interest in the collateral when the outstanding principal balance fell below $4.75 million.

In 2005, Grohman sued Kahlig, arguing that Kahlig's conversion of the corporations into limited partnerships without her consent constituted a breach of the security agreement. A jury found Kahlig did not breach the security agreement, and the trial court rendered a take-nothing judgment on Grohman's claims. On appeal, this court reversed in part, holding the conversion was a disposition of the collateral within the meaning of the security agreement. *Grohman-Kahlig v. Kahlig*, No. 04-07-00468-CV, 2008 WL 4735591, at *5 (Tex. App.—San Antonio, Oct. 29, 2008), *reversed*, No. 09-0093, 2010 WL 2635879 (Tex. July 2, 2010). This court remanded the cause to the trial court for further proceedings on Grohman's breach of contract claim. *Id.* at *7. Kahlig petitioned the Texas Supreme Court for review of this court's decision.

While the case was pending before the Texas Supreme Court, Kahlig filed the present action for a declaratory judgment that Grohman has a duty to release her security interest in some or all of the pledged collateral. Kahlig filed a motion for summary judgment in which he established he had been making payments on the note, the outstanding principal had fallen below $4.75 million, and Grohman refused to release any of the collateral. He sought a declaratory judgment and his attorney's fees. Grohman's response to the motion raised a number of issues, all of which were based on Kahlig's default or breach of the security agreement and the legal effect of this court's opinion and judgment in the other case. The trial court granted Kahlig's motion for summary judgment, declaring Grohman is required to release all pledged interest in one of the companies, and awarded Kahlig his attorneys' fees. Grohman appealed.

On appeal, all of Grohman's arguments are based on the holding of this court in the previous case that Kahlig was in default of the terms of the security agreement.[2] However, in July 2010, the Texas Supreme Court reversed this court's judgment in the earlier case. *Grohman v. Kahlig*, No. 09-0093, 2010 WL 2635879 (Tex. July 2, 2010). The court held the security agreement did not prohibit Kahlig from converting the business entities, and that Kahlig did not breach the agreement as a matter of law. *Id.* at \*4.

The Supreme Court's decision disposes of all the arguments Grohman makes in this appeal. Accordingly, we affirm the trial court's judgment.


Steven C. Hilbig, Justice

---

[2] Grohman argues: (1) "Kahlig's default, as a matter of law, is fatal to summary judgment;" (2) "summary judgment attempts to alter appellate ruling of this court;" (3) "the law of the case requires respect for the decisions of this court;" (4) "materiality of Kahlig's breach is a question of fact;" (5) "after his default, Kahlig cannot demand performance from Grohman;" and (6) "due to Kahlig's default, release of the destroyed collateral is improper."